# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SANDOVAL, | CASE NO. 1:11-CV-00292-DLB PC |
| Plaintiff, | ORDER STRIKING PLAINTIFF'S DECLARATION AND GRANTING LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| A. AVILA, et al., | (DOC. 11) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Edgar Sandoval ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on January 24, 2011. Doc. 1. On June 14, 2011, Plaintiff filed a declaration. Doc. 11.

It is unclear for what purpose Plaintiff filed his declaration. The Court does not function as a repository of evidence. First Informational Order ¶ 6, Doc. 4. Accordingly, the Court will strike Plaintiff's declaration.

If Plaintiff is attempting to amend his complaint, Plaintiff is not in compliance with Local Rule 220, which states:

> every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

1

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

If Plaintiff wishes to amend his complaint to include his declaration, Plaintiff is required to file a first amended complaint that is complete in itself without reference to the prior complaint. Plaintiff may amended once as a matter of course. Fed. R. Civ. P. 15(a).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's declaration, filed June 14, 2011, is STRICKEN; and
2. Plaintiff is granted leave to file a first amended complaint as stated herein within thirty (30) days from the date of service of this order. Failure to file an amended complaint will be construed as Plaintiff's intent to proceed on the original complaint only.

IT IS SO ORDERED.

Dated:   **August 23, 2011**              /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE