# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SANDOVAL, | CASE NO. 1:11-CV-00292-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| A. AVILA, et al., | (DOC. 1) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

## Screening Order

**I.  Background**

Plaintiff Edgar Sandoval ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on January 24, 2011. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary Of Complaint

Plaintiff was previously at Pleasant Valley State Prison ("PVSP"), where the events giving rise to this action occurred. Plaintiff names as Defendants: A. Avila, assistant institutional gang investigator ("IGI") and correctional officer, and J. C. Smith, IGI correctional officer.

Plaintiff alleges the following. On March 2, 2010, Defendants placed Plaintiff in lockup pending investigation into Plaintiff's alleged gang activities. Compl. ¶ 7. All of Plaintiff's personal property was confiscated. *Id.* ¶ 10b. On March 7, 2010, Plaintiff was paroled.[1] *Id.* Plaintiff arrived at receiving and release (R&R) to inquire about his property. *Id.* Plaintiff was informed by R&R correctional officers that IGI were still holding Plaintiff's property for investigation. *Id.*

Plaintiff's parole officer called PVSP to resolve the matter, but the prison did not release Plaintiff's property. *Id.* Plaintiff attempted to resolve the matter on March 20, 2010, but was ignored. *Id.* On March 29, 2010, Plaintiff again contacted PVSP by phone and requested his property. *Id.* Plaintiff was informed that they were unable to locate Plaintiff's property but would call back as soon as they were able to locate it. *Id.*

Plaintiff requests as relief declaratory judgment, an injunction against Defendants to stop violating Plaintiff's rights, monetary damages, and costs of suit.

///

---

[1] Plaintiff appears to be currently incarcerated.

### III. Analysis

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Here, Plaintiff fails to state a § 1983 claim for deprivation of his property. Plaintiff appears to allege that Defendants negligently deprived Plaintiff of his property. This is not a violation of the Due Process Clause of the Fourteenth Amendment because California provides a meaningful postdeprivation remedy for the loss. *Hudson*, 468 U.S. at 533; *Barnett*, 31 F.3d at 816-17.

### IV. Conclusion And Order

Plaintiff's complaint is dismissed for failure to state a claim against any Defendants. The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's first amended complaint is dismissed for failure to state a claim, with leave to file a second amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 13, 2011**                     **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE

4