# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SANDOVAL,<br><br>            Plaintiff,<br><br>    v.<br><br>A. AVILA, et al.,<br><br>            Defendants.<br> _____/ | CASE NO. 1:11-cv-00292-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE, FAILURE TO OBEY COURT ORDER, AND FAILURE TO STATE A CLAIM |

Plaintiff is a California state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On October 13, 2011, the Court dismissed Plaintiff's original complaint for failure to state a claim with leave to amend, and ordered Plaintiff to file an amended complaint within thirty days. Doc. 6. Plaintiff received a sixty-day extension of time November 15, 2011.  On February 13, 2012, the Court issued an order to show cause why this action should not be dismissed for failure to obey a court order and failure to state a claim.   On March 19, 2012, the order served on Plaintiff was returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty days have passed since Plaintiff's mail was returned and he has not

1

1 notified the court of a current address.

2     In determining whether to dismiss an action for lack of prosecution, the court must
3 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
4 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
5 favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.
6 *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th
7 Cir. 1988).

8     The Court finds that the public's interest in expeditiously resolving this litigation and the
9 Court's interest in managing the docket weigh in favor of dismissal, as this case has been
10 pending since August 9, 2010.  The Court cannot hold this case in abeyance indefinitely based on
11 Plaintiff's failure to notify the court of his address.  The third factor, risk of prejudice to
12 defendants, also weighs in favor of dismissal, since a presumption of injury arises from the
13 occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522,
14 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their
15 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  A court's
16 warning to a party that his failure to obey the court's order will result in dismissal satisfies the
17 "consideration of alternatives" requirement.  *Henderson*, 779 F.2d at 1424.  The court's order
18 expressly stated: "Failure to timely respond or to show cause will result in dismissal of this
19 action for failure to obey a court order and failure to state a claim."  Thus, Plaintiff had adequate
20 warning that dismissal would result from his noncompliance with the Court's order. Finally,
21 given the court's inability to communicate with plaintiff based on plaintiff's failure to keep the
22 court apprised of his current address, no lesser sanction is feasible.

23     Accordingly, the Court HEREBY ORDERS that this action is dismissed with prejudice
24 for Plaintiff's failure to prosecute, failure to obey the Court's February 13, 2012 order, and
25 failure to state a claim.

26     IT IS SO ORDERED.

27     Dated: **June 13, 2012**          **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE
28